UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. CRAMER,<br><br>        Plaintiff,<br><br>    v.<br><br>CHERYL A. GALBRAITH, et al.,<br><br>        Defendants. | Case No. 18-cv-01700-VC<br><br>**ORDER REOPENING CASE; VACATING ORDER GRANTING SUMMARY JUDGMENT; SETTING BRIEFING SCHEDULE** |

      James A. Cramer filed this complaint under 42 U.S.C. § 1983 against employees of the California Department of Corrections and former employees of Pelican Bay State Prison, where Cramer was previously incarcerated. The court dismissed all claims in the complaint other than a due process claim for damages arising from an incident in 1994 when a false notation was placed in Cramer's Central File.

      In September 2020, the court granted defendants' motion for summary judgment for failure to exhaust administrative remedies. In the order granting summary judgment, the court identified Appeal Nos. 96-03332, 15-01055, and 15-02091 as relevant to this action, but noted that Cramer only argued that he exhausted his administrative remedies as to Appeal No. 96-03332. The Court concluded that Cramer had not exhausted his administrative remedies as to Appeal No. 96-03332 because he did not meet his burden of showing evidence that administrative remedies were effectively unavailable to him. Because Cramer did not raise any arguments regarding the 2015 appeals, the Court also concluded that he did not meet his burden of proving that administrative remedies were effectively unavailable to him as to the 2015 appeals. *See generally* Dkt. No. 42. The Court entered judgment in favor of defendants. Dkt. No.

43.

Plaintiff appealed. Dkt. No. 44.

In November 2022, the Ninth Circuit held as follows:

> Cramer argues for the first time on appeal that he is not required to exhaust administrative remedies because his relevant administrative grievance was improperly denied. *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010). . . . We vacate and remand.
>
> The district court did not have an opportunity to consider Cramer's argument that his relevant grievance was improperly canceled and that he is therefore excused from exhausting administrative remedies. We remand to permit the district court to consider this issue in the first instance.

Dkt. No. 50 at 2.

Based on the Ninth Circuit ruling, the Court orders as follows:

1. The Court REOPENS this action, VACATES the September 29, 2020 order granting defendant's summary judgment motion and VACATES the related judgment. Dkt. Nos. 42 and 43.

2. Within 60 days from the date of this order, the defendants shall do one of the following: (a) file a responsive pleading to Cramer's argument on appeal that his relevant 2015 appeal was improperly cancelled; (b) elect to waive the issue of exhaustion and proceed on their remaining arguments submitted in their October 28, 2019 motion for summary judgment (*see* Dkt. No. 33); or (c) file a new dispositive motion on the due process claim for damages. Cramer may file an opposition within 30 days from the date of the defendants' filing. The defendants shall file their reply 14 days after Cramer files his opposition.

**IT IS SO ORDERED.**

Dated: March 9, 2023

_____
VINCE CHHABRIA
United States District Judge