UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. CRAMER,<br><br>    Plaintiff,<br><br>v.<br><br>CHERYL A. GALBRAITH, et al.,<br><br>    Defendants. | Case No. 18-cv-01700-VC (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 69 |

Plaintiff James A. Cramer and Defendants Cheryl A. Galbraith et al. filed a joint discovery letter regarding their dispute about a single provision in their stipulated protective order.[1] [Docket No. 69.] The parties dispute the definition of "Counsel," which impacts which individuals will be able to access and review material designated "Confidential" under the protective order. *See id.* at Ex. A (Prop. Protective Order) § 7.2, "Disclosure of 'CONFIDENTIAL' Information or Items." Plaintiff asks the court to enter the parties' proposed protective order using the following definition of "Counsel":

> <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff). Current inmates—or any former inmate with more than six (6) months of parole remaining on his or her sentence, a violation of which could result in reincarceration—in the California State Prison System shall not qualify as support staff in this matter . . .

Defendants propose the following definition:

> <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff). No inmate or former inmate shall qualify as support staff in this case. . . .

Jt. Letter 1-2.

---
[1] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b).

1     Plaintiff argues that his proposed definition of "Counsel" balances his "rights to effective
2 counsel in the current and future representations while also compromises to address the
3 government's asserted safety and security concerns." *Id*. at 2.  He contends that "the State cannot
4 limit who may practice law—and therefore who may represent [him] in this litigation—in a way
5 that disregards due process" and that Defendants' proposal "places material and substantive
6 limitations upon [his] representation going forward, particularly if other Legal Aid groups focused
7 on prisoner rights join the team and would be subject to this Protective Order." *Id*.  Plaintiff does
8 not identify any particular individual(s) who would be barred as serving as support staff on his
9 behalf in this action under Defendants' proposed definition.

10     For their part, Defendants argue that "discovery in this case will involve production of
11 highly sensitive documents regarding gang activity within CDCR institutions and in communities
12 across the state," and that "[b]roader than necessary disclosure of such material" could endanger
13 safety and security and pose a risk to current inmates and other individuals. *Id*. at 3.  For example,
14 discovery in this case may include memoranda recounting interviews with former gang members.
15 Defendants argue that allowing such material to be accessed by an individual with gang ties could
16 threaten individuals named in those interviews. *Id*.

17     As noted, Plaintiff does not describe any particular inmate or former inmate who would
18 fall under Defendants' proposed definition, rendering his position entirely speculative.
19 Accordingly, it is difficult to assess his proposal.  The court concludes that Defendants' proposal
20 is reasonable and appropriately addresses their asserted safety and security concerns.  By no later
21 than November 13, 2023, the parties shall finalize and file their proposed protective order for the
22 court's approval and incorporate Defendants' proposal for the definition of "Counsel."  Going
23 forward, if Plaintiff seeks to have any particular individual serve on his legal team in this matter
24 who would not qualify as "support staff" under the definition of "Counsel," the parties shall meet
25 and confer.  The court expects the parties to make good faith efforts to vet the individual to
26 determine if they should have access to materials designated as "Confidential," and Defendants
27 shall not unreasonably withhold consent in any such meet and confer.  If any dispute remains after
28 this process, it should be queued up before this court pursuant to section 6.3 of the proposed

protective order.

**IT IS SO ORDERED.**

Dated: November 6, 2023



_____
Donna M. Ryu
Chief Magistrate Judge

3